Dennis Metnick, Esq. Informal Opinion Town Attorney No. 96-4 Town of Middletown P. O. Box 1011 Margaretville, N Y 12455-1011
Dear Mr. Metnick:
You have informed us that the Town of Middletown has experienced a flood emergency and has proposed a local law to form a temporary department, known as the flood disaster department, to deal with the emergency. First, you inquire whether the local law establishing the flood disaster department would be subject to a referendum.
The flood disaster department, headed by the flood disaster administrator, generally would be responsible for overseeing and supervising the recovery of the town from the flood. Specifically, the administrator would prepare the paperwork required by county, State and Federal offices to assess flood damage and would oversee the receipt and disbursement of aid to the town. He would work with the town highway superintendent, code enforcement officer and other town department heads in summoning the necessary resources to deal with the flood. He also would have responsibility for the development of any required emergency recovery plan.
You have informed us that the flood disaster department would be subject to supervision and control by the town board, like any other town department. Further, under the proposed local law the flood disaster administrator would work with other town department heads. No powers of elective officials of the town, such as the town highway superintendent, would be transferred to the flood disaster administrator. See, 1981 Op Atty Gen (Inf) 101.
In our view, the town is authorized by local law to establish the flood disaster department as generally described above. Local governments are authorized to enact and amend local laws, consistent with the Constitution and general State laws, in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, etc. of their officers and employees. Municipal Home Rule Law § 10(1)(ii)(a)(1). Further, subject to the same restrictions, local governments may enact local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property therein. Id., § 10(1)(ii)(a)(12). This is the broad grant of police power to local governments. See, New York State Club Association,Inc. v. City of New York, 69 N.Y.2d 211 (1987); People v. Cook,34 N.Y.2d 100, 105, (1974). We believe that the proposed local law falls within this grant of authority.
It is well established that a referendum may only be held if specifically authorized by act of the Legislature. Op Atty Gen (Inf) Nos. 93-8, 91-19; Matter of McCabe v. Voorhis, 243 N.Y. 401 (1926); Mills v.Sweeney, 219 N.Y. 213 (1916).
Local laws dealing with designated topics are subject to either a mandatory referendum or a referendum on petition. Municipal Home Rule Law §§ 23, 24. We see no basis for a referendum on your proposed local law. Significantly, the local law would not create a new elective office or abolish, transfer or curtail any power of an elective officer. Id., § 23(2)(f), (g). The flood disaster department and the flood disaster administrator would be subject to supervision and control by the town board like any other town department. The administrator, an appointed officer, would be required to work with other town elected officers but would not receive a transfer of any of their powers and duties. We conclude that the proposed local law is not subject to a referendum.
You also have asked whether the town supervisor of Middletown may be appointed to hold the additional office of flood disaster administrator. In prior opinions, we have found that offices are incompatible if one is subordinate to the other or if there is a conflict between the duties of the positions. Op Atty Gen (Inf) No. 95-12; Op Atty Gen (Inf) No. 93-3. In that the town supervisor is a member of the town board, which would be responsible for supervision and control of the flood disaster department, it would appear that the two positions are incompatible. We believe, however, in view of the temporary duration of the flood disaster department and its administrator and the apparent advantage of utilizing a person as administrator who is familiar with the town bureaucracy, that recusal is an appropriate remedy. As a member of the town board, the town supervisor should recuse himself from any deliberations or actions affecting the flood disaster department. To be certain that incompatibility does not present a problem, the town board might consider including in its local law a specific authorization for the town supervisor to be appointed as the flood disaster administrator. A local law, in establishing public policy, may overcome common law incompatibility. 1984 Op Atty Gen (Inf) 84. The local law should indicate that the town board has weighed the potential conflict between the two positions against the public benefit in having someone familiar with the town bureaucracy and resources serve as flood disaster administrator. We conclude that the town board may appoint the person holding the position of town supervisor as the flood disaster administrator, with separate compensation for that position.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions